OPINION
Defendant-appellant Frank Herold appeals his conviction and sentence entered by the Licking County Court of Common Pleas on one count of possession of LSD, in violation R.C. 2925.11(A), (C)(5)(a). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On January 8, 1999, the Licking County Grand Jury indicted appellant on one count of possession of LSD, in violation of R.C.2925.11(A), (C)(5)(a). At his arraignment on January 19, 1999, appellant entered a plea of not guilty to the charge. Appellant filed a Motion to Suppress on February 26, 1999, which the trial court scheduled for hearing on March 23, 1999. At the hearing, Trooper Daniel J. Moran, Jr. of the Ohio State Highway Patrol, Granville Post 45, testified he was on routine patrol during the early morning hours of October 31, 1998, when he noticed a vehicle heading southbound on State Rt. 79 toward Heath, Ohio. After he observed the vehicle weaving, Trooper Moran initiated a routine traffic stop. Both the driver, who was later identified as appellant, and his passenger were intoxicated. After he arrested appellant for driving under the influence, the trooper handcuffed appellant, searched him, and placed him in the backseat of the cruiser. Trooper Moran called for backup to assist with the passenger and also requested a tow truck be sent to the scene to tow appellant's vehicle. During his direct examination, Trooper Moran stated the vehicle needed to be towed not only because appellant had been arrested for DUI, but also because the vehicle was partially on the roadway. The trooper further explained he was required to conduct an inventory search pursuant to Ohio State Highway Patrol procedures and policy because the vehicle was being towed. Inside the console, he found a tri-fold wallet, which contained five $20 bills, a social security card in appellant's name, various papers, and a plastic bag containing three small green squares, which were later identified as LSD. Prior to Trooper Moran's search of appellant's vehicle. Trooper Vincenty arrived at the scene and transported the passenger to the Heath Police Department. During his cross examination, Trooper Moran admitted he did not ask Trooper Vincenty to witness the inventory search and did not wait for the tow truck to arrive to have the driver witness the search despite the fact the HP-25D Inventory Form provides a space "to be used when possible to record any witness to the inventory." Via Judgment Entry dated March 26, 1999, the trial court denied appellant's Motion to Suppress. Appellant entered a plea of no contest to the charge on April 8, 1999. The trial court found appellant guilty and ordered a presentence investigation. On April 30, 1999, the trial court sentenced appellant to five years community control and placed him on a one year license suspension with limited driving privileges. It is from this conviction and sentence appellant prosecutes this appeal, raising as his sole assignment of error:
 THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT'S MOTION TO SUPPRESS.
Herein, appellant challenges the propriety of the trial court's ruling on his motion to suppress. There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See, State v. Fanning (1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486; State v. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See, State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93, 96; State v. Claytor (1993),85 Ohio App.3d 623, 627; and State v. Guysinger (1993),86 Ohio App.3d 592. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." In his brief to this Court and in his Motion to Suppress, appellant challenges the validity of the inventory search on two grounds. First, appellant contends Trooper Moran did not comply with Department procedures and policy for conducting an inventory, which require an officer to inventory "all vehicles or other property with which [he] become[s] involved where the owner or agent of the owner is unable to assume control of the property." Defendant's Motion to Suppress, Exhibit A at 1, para. D. Specifically, appellant maintains he was capable of assuming control of his wallet; therefore, Trooper Moran did not need to search and inventory its contents. Second, appellant submits Trooper Moran failed to comply with the witness requirement found on the HP-25D Inventory Form because it was possible for the trooper to have at least one of two people witness the inventory. Essentially, appellant asserts because Trooper Moran did not conduct the inventory search in compliance with the Department's established procedures and policy, the search does not fall within the "inventory search" exception to the warrant requirement. "To satisfy the requirements of the Fourth Amendment to the United States Constitution, an inventory search of a lawfully impounded vehicle must be conducted in good faith and in accordance with reasonable standard procedure(s) or established routine." State v. Hathman (1992), 65 Ohio St.3d 403, paragraph one of the syllabus. Upon review of the transcript of the hearing on the motion to suppress, we find Trooper Moran appropriately determined appellant's vehicle needed to be towed because appellant was arrested and his passenger was intoxicated. Therefore, pursuant to Department procedures and policy, the trooper was required to inventory the vehicle because "the owner or agent of the owner [was] unable to assume control of the property." Appellant argues he was able to assume control over his wallet; therefore the search of his wallet violated Department policy. We believe the phrase "control of the property" applies to the vehicle and its contents. Once the trooper assumed control over the automobile, we find the entire contents of the vehicle became subject to the inventory search. In the second portion of his argument herein, appellant asserts Trooper Moran failed to comply with the HP-25D Inventory Form because the inventory was conducted before either Trooper Vincenty or the tow truck driver arrived to serve as a witness thereto. Even if Trooper Moran failed to strictly comply with Department procedures and policy as to procedural safeguards regarding how to conduct the search or, in other words, as to the manner in which he conducted the search, we do not find such noncompliance renders the inventory search invalid. The purpose of the procedures and policy relied upon by appellant is to ensure the credibility of an officer's testimony regarding the contents found within an impounded vehicle, not to verify the legality or necessity of the underlying search itself. Thus, any failure to conduct a search according to Department guidelines would go to the weight of the officer's testimony. The Ohio State Highway Patrol has a policy which permits an inventory search under certain circumstances, once met, the steps undertaken in conducting that search are not sufficient grounds upon which to attack the validity of the search itself. We find the failure to have a witness to the inventory does not require suppression of the evidence found. Accordingly, we find the trial court did not err in denying appellant's Motion to Suppress. Appellant's sole assignment of error is overruled.
The conviction and sentence of the Licking County Court of Common Pleas is affirmed.
By: Hoffman, J. Gwin, P.J. and Farmer, J. concur.